IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**COREY DOZIER**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 2:11–CV–46–KS–MTP**

**CITY OF PURVIS, et al.**                                                                         **DEFENDANTS**

### Memorandum Opinion and Order

For the reasons stated below, the Court finds in favor of the Defendants as to Plaintiff's claim under the Mississippi Tort Claims Act. The Court will enter a separate judgment reflecting this decision and the jury's verdict.

### I. Background

On August 18, 2008, Defendant Greg Anderson responded to a call concerning shots fired in a residential neighborhood of Purvis, Mississippi. According to Anderson, a young lady – whom Anderson failed to identify or mention in his official report – identified Plaintiff, Corey Dozier, as the shooter. Anderson then observed Dozier enter his vehicle, start it, and quickly pull away from the home of his relative, spinning his wheels in the process. Anderson stopped Dozier for questioning and observed a handgun on the front seat of the car.

As Anderson questioned Dozier about the handgun, they began to argue, and Anderson eventually handcuffed Dozier. Assistant Chief of Police Donald Ray Cooper arrived and instructed Anderson to remove the handcuffs and issue Dozier a citation for an improper start. Cooper advised Dozier that he was free to go, and Dozier reached for his handgun, which lay on the roof of his car. Anderson stopped Dozier from

retrieving the weapon, and Dozier walked away from the scene and began talking on his phone. Anderson searched the car and found some pills wrapped in aluminum foil, which were later identified as Lortab.

Believing that Dozier was attempting to locate another weapon, Anderson called in that Dozier had resisted arrest and fled the scene of a crime. He requested support from additional officers, who eventually located Dozier, tackled him, and cuffed him. Dozier resisted the officers – kicking at them – and Anderson sprayed pepper spray in his face while he was cuffed and pinned to the ground. The officers arrested Dozier, who was eventually charged with an improper start, disorderly conduct, resisting arrest, discharge of a weapon within the city limits, and possession of a controlled substance. Dozier later pled guilty to the improper start, and the prosecutor remanded the remaining charges to the file. After Dozier requested a trial on the merits on the remaining charges, they were dismissed *nolle prosequi*.

Dozier eventually filed suit against the City of Purvis, the City of Purvis Police Department, and Officer Anderson. He asserted claims under both the Mississippi Tort Claims Act ("MTCA") and 42 U.S.C. § 1983 for malicious prosecution and the use of excessive force during arrest. The case was tried on June 5-6, 2012. The jury found that Anderson had probable cause to believe that Dozier had committed or was committing a crime, and that Anderson did not use unreasonable force under the circumstances.

The parties agreed that the MTCA requires Dozier's state law claims to be resolved by the trial judge. *See* MISS. CODE ANN. § 11-46-13(1). Accordingly, the Court instructed the parties to provide post-trial briefs. The briefs have been filed, and

2

Plaintiff's MTCA claim is ripe.

## II. DISCUSSION

Plaintiff's post-trial brief did not address the issue of excessive force. Therefore, the Court assumes that Plaintiff's MTCA claim only pertains to the alleged malicious prosecution. The elements of malicious prosecution are: (1) the institution of a proceeding, (2) by or at the insistence of the defendant, (3) the termination of such proceedings in the plaintiff's favor, (4) malice in instituting the proceedings, (5) want of probable cause for the proceedings, and (6) the suffering of injury or damage as a result of the prosecution. *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 973 (Miss. 2001). According to the Complaint [1-1], Plaintiff seeks relief for damages caused by Officer Anderson's official actions. Plaintiff specifically pled that Anderson acted under color of state law and within the course and scope of his employment at all times relevant to this case, and that Anderson was joined as a Defendant in his representative capacity. Defendants agree that Anderson acted in the course and scope of his official duties.

The MTCA provides: "An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts and omissions occurring within the course and scope of the employee's duties." MISS. CODE ANN. § 11-46-7(2). However, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for

3

any conduct of its employee if the employee's conduct constituted . . . malice . . . ." *Id.* Therefore, as malice is indisputably an element of malicious prosecution, the City of Purvis has not waived its immunity with respect to Anderson's alleged official actions, and Plaintiff can not maintain this tort action against Anderson in his official capacity. *See Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 712 n. 2 (S.D. Miss. 2009) (noting that a public employee who acted with malice can only be held liable in his individual capacity); *Maas v. City of Ocean Springs*, 2012 U.S. Dist. LEXIS 92696, at *13 (S.D. Miss. July 5, 2012) (plaintiff who sued public employee in his official capacity could not maintain MTCA claim for malicious prosecution).

### III. CONCLUSION

For the reasons stated above, the Court finds in favor of the Defendants as to Plaintiff's claim under the Mississippi Tort Claims Act. The Court will enter a separate judgment reflecting this decision and the jury's verdict.

SO ORDERED AND ADJUDGED this 12th day of September, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE